IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| BRITTANY DETTOR; JONATHAN DETTOR; and JOHNNY DETTOR | PLAINTIFFS |
| v. | Case No: 3:25-CV-10-DMB-RP |
| GREASE MONKEY INTERNATIONAL, LLC | DEFENDANT |

**JOINT MEMORANDUM BRIEF**

Defendant, Grease Monkey International, LLC ("GMI"), by and through its attorneys, Colin Barnacle and Jay Cranmer ("Mr. Cranmer") of Greenspoon Marder LLP, and Plaintiffs, Brittany Dettor, Jonathan Dettor, and Johnny Dettor, by and through their attorney, Nick Norris ("Mr. Norris") of Watson and Norris, PLLC, hereby jointly submit the following Joint Memorandum Brief to the parties' concurrently filed Joint Motion to Continue Jury Trial (the "Motion"). As good cause for the Motion, the Parties state as follows:

1. Trial in this case is scheduled for April 13, 2026.

2. Prior to this Motion, neither party has requested a continuance of the trial date.

3. Counsel for the Plaintiffs, Mr. Norris, is in the process of dissolving his current law firm, Watson and Norris, PLLC ("Watson & Norris"). The dissolution of Watson & Norris is expected to be completed by the end of November 2025. Neither Mr. Norris nor his partner, Louis Watson ("Mr. Watson"), intend to continue representing the Plaintiffs following their firm's dissolution due to conflicts that have arisen in their

representation. Mr. Norris filed a motion to withdraw earlier today (January 13, 2025). GMI does not object to Mr. Norris' motion to withdraw.

4. Due to the Plaintiffs' previous failure to timely complete discovery and the expected withdrawal of Plaintiffs' counsel, GMI cannot finish discovery within the scheduled timeframes. To wit:

    a. GMI incorporates by reference all facts contained in its Motion to Extend Discovery filed on October 3, 2025 (ECF Doc. #49) ("<u>First Motion to Extend Discovery</u>").

    b. As noted in the First Motion to Extend Discovery, the Plaintiffs failed to provide adequate responses to GMI's discovery requests under F.R.C.P. 33, 34, and 36.

    c. After the parties discussed and agreed on extending discovery and the reasons therefore (*i.e.*, the Plaintiffs' deficient discovery responses), the Plaintiffs did not promptly update their discovery responses. Instead, nearly two weeks later, GMI was forced to contact Plaintiffs' counsel with a letter outlining all of the Plaintiffs' discovery deficiencies and requesting that complete discovery responses be provided by October 22, 2025. GMI warned that it would have no choice but to file a motion to compel if the Plaintiffs' additional discovery responses were not received by that date.

    d. On October 22, 2025, Plaintiffs provided supplementary discovery responses. Counsel reviewed these responses and additional documents promptly and found that the supplements were just barely sufficient to enable GMI to conduct meaningful depositions of the Plaintiffs.

    e. On the following Monday, November 3, 2025, GMI's counsel, Mr. Cranmer, contacted Plaintiffs' counsel, Mr. Norris, about scheduling the Plaintiffs' depositions.

    f. On Friday, November 7, 2025, Mr. Cranmer had to follow up with Mr. Norris about scheduling the Plaintiffs' depositions. That afternoon, Mr. Norris contacted Mr. Cranmer by phone to discuss deposition dates. During the call, Mr. Norris mentioned he was in the process of dissolving Watson & Norris and was unsure whether he or his partner would continue representing the Plaintiffs after the dissolution. Mr. Norris said he needed to talk with Mr. Watson before setting deposition dates.

    g. On Tuesday, November 11, 2025, Mr. Norris explained that he and Mr. Watson planned to file a motion to withdraw and asked for GMI's position on the same. GMI responded that it would not object to a motion to withdraw, provided the parties could agree to extend GMI's discovery and dispositive motions deadlines to account for the expected delay related to the withdrawal and to give Plaintiffs time to find new counsel.

5. Because of Plaintiffs' initial failure to provide timely and adequate discovery and Mr. Norris' upcoming motion to withdraw, the depositions for the three (3) Plaintiffs cannot be scheduled before November 24, 2025.

6. As such, given the expiring deadlines, the inability to schedule depositions due to the Plaintiffs' failure to provide discovery in a timely manner, and the expected withdrawal of counsel, GMI has determined that it has no choice but to request this continuance.

7. F.R.C.P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."

8. In this case, GMI, in good faith, cooperated with the Plaintiffs to provide them with extension after extension with the understanding and expectation that their discovery responses would comply with F.R.C.P. 33 – they did not. Following discussions between counsel that precipitated the First Motion to Extend Discovery, Plaintiffs did not supplement their discovery for three (3) weeks after GMI filed the First Motion to Extend Discovery and did not do so until reminded by GMI's counsel and warned of a motion to compel. Following the Plaintiffs' barely acceptable supplement to their discovery responses, GMI reviewed and analyzed the supplement diligently. After its review, GMI attempted to schedule depositions prior to the discovery deadline, only to encounter further delays and Plaintiffs' counsel's intention to withdraw from this matter. GMI and its counsel acted diligently and is now unable to complete discovery through no fault of its own.

9. GMI cannot depose the Plaintiffs before the November 24, 2025 deadline. This situation is greatly prejudicial to GMI. Although GMI has acted diligently, it cannot depose the Plaintiffs fairly within the discovery period.

10. Furthermore, if Mr. Norris' motion to withdraw is granted, new counsel will need adequate time to prepare for the case overall and to specifically defend the anticipated depositions.

11. Therefore, due to the practical realities of the current situation, the trial date set for April 13, 2026, is no longer feasible. The parties need to establish a new trial date and related deadlines to move forward.

12. Neither party will be prejudiced by the Court's granting of this Joint Motion to Continue Jury Trial.

WHEREFORE, the parties request that the Court GRANT the Joint Motion to Continue Jury Trial and set a new scheduling conference to set new deadlines based on a new trial date and new counsel.

Respectfully submitted this 17th day of November 2025.

Greenspoon Marder, LLP

___s/ Colin Barnacle_____
Colin L. Barnacle
Greenspoon Marder, LLP
1144 Fifteenth Street, Suite 2700
Denver, Colorado 80202
colin.barnacle@gmlaw.com
(720) 702-0904
Attorneys for Defendant.


Watson and Norris, PLLC

___s/ Nick Norris_____

Nick Norris (MS Bar No.101574)
4209 Lakeland Drive, Suite 365
Flowood, MS 39232
Tel.: 601.968.0000
Fax: 601.968.0010
nick@watsonnorris.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and exact copy of the foregoing document has been filed with the Court through the Court's Electronic Case Filing System, through which service was made on this, the 17th day of November 2025, upon the following:

>Louis H. Watson, Jr. (MS Bar No. 9053)
>Nick Norris (MS Bar No.101574)
>WATSON & NORRIS, PLLC
>4209 Lakeland Drive, Suite 365
>Flowood, MS 39232
>Tel.: 601.968.0000
>Fax: 601.968.0010
>louis@watsonnorris.com
>nick@watsonnorris.com
>Attorneys for Plaintiff

                                            */s/ Vanessa J. Quevedo*
                                            Vanessa J. Quevedo, Paralegal